■ In the Matter of BELMONT FIRE COMPANY, Respondent-Appellant, v DEBORAH SZABO et al., Appellants-Respondents.— Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Petitioner, Belmont Fire Company, brought this CPLR article 78 proceeding to prohibit respondent, State Division of Human Rights (SDHR), from conducting a hearing on respondent Szabo's complaint of sexual discrimination on the ground that SDHR's inordinate delay in processing the complaint deprived it of jurisdiction. For the reasons stated in its memorandum, Supreme Court properly dismissed the petition insofar as it sought to prohibit SDHR from conducting a hearing on the complaint of Szabo. Supreme Court erred, however, in entering an order prohibiting Szabo from participating in the hearing because she failed to serve an answer to the petition or to appear in the article 78 proceeding.

The judgment in this case has led to the incongruous result that SDHR has succeeded in vindicating its right to hold the hearing on Szabo's complaint, yet as a practical matter, it has been prevented from doing so because the judgment prohibits Szabo from participating in the hearing. Although Szabo was a necessary party respondent in this proceeding in the nature of prohibition *(see,* CPLR 7802 [c]), the only issue involved in this proceeding is whether SDHR was about to proceed without or in excess of its jurisdiction, and the remedy available is

a judgment of prohibition directed to a body acting in a judicial or quasi-judicial capacity, here SDHR. The issuance of prohibition to the party to a suit or proceeding is merely incidental to the prohibition laid upon the court or quasi-judicial body. Prohibition cannot issue to the party independently of the court or body (23 Carmody-Wait 2d, NY Prac § 145:213). Here, when Supreme Court determined that SDHR was not acting without or in excess of its jurisdiction, it was required to dismiss the petition and it had no authority to go further and issue a judgment of prohibition directed to Szabo independently of SDHR. (Appeal from judgment of Supreme Court, Allegany County, Feeman, J.—art 78.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.